# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| LUMUMBA KENYATTA INCUMAA, a/k/a THEODORE HARRISON, JR., ) ) ) | |
| Plaintiff, ) | No. 9:17-cv-1608-DCN-BM |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BRYAN P. STIRLING, SANDARA BARRETT, and BARTON VINCENT, ) ) ) | |
| Defendants. ) ) | |

This matter comes before the court on plaintiff Lumumba Kenyatta Incumaa's ("Incumaa") motion for a preliminary injunction and temporary restraining order, ECF No. 52. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

Incumaa, an inmate with the South Carolina Department of Corrections ("SCDC"), is a devout adherent of the Nation of Gods and Earths ("NGE"), also referred to as the Five Percent Nation. NGE "originated within the nation of Islam [ ] and ultimately became a distinct tradition" in the 1930s. Coward v. Robinson, 276 F. Supp. 3d 544, 551 (E.D. Va. 2017).[1] While imprisoned in an SCDC facility, Incumaa submitted a request for recognition and accommodation of his faith, which the SCDC denied. Incumaa filed this action pro se seeking vindication of his First Amendment rights pursuant to 42 U.S.C. § 1983 as well as rights guaranteed to him under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq.

---

[1] For an instructive discussion of NGE's history, central tenets, and traditions, see Coward, 276 F. Supp. 3d at 551–555.

ECF No. 1, Compl.  Specifically, Incumaa asserts that defendants are depriving him of constitutionally and statutorily guaranteed rights by refusing to recognize NGE as a religion and failing to accommodate Incumaa in the exercise of his faith in various ways, including, inter alia, by refusing to permit NGE services, prohibiting Incumaa from purchasing and wearing certain religious headwear, failing to accommodate a diet that incorporates the restrictions of his faith, and disapproving Incumaa's subscription to the "Five Percenters" newspaper.  Incumaa's complaint seeks monetary and injunctive relief.  Defendants Bryan Stirling ("Stirling"), Sandara Barrett, and Barton Vincent (collectively, "defendants") are employees of the SCDC.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2), the court assigned this matter to Magistrate Judge Bristow Marchant.  On March 23, 2018, defendants filed a motion for summary judgment, ECF No. 29, and on August 23, 2018, Magistrate Judge Marchant issued a report and recommendation ("R&R"), recommending that the court grant summary judgment in favor of defendants in part, ECF No. 39.  The court adopted the R&R on March 19, 2019, granting summary judgment with respect to Incumaa's request for monetary damages and his claims relating to his receipt of the Five Percenters newspaper, his wearing of religious headgear, his right to dietary options that comply with his faith's restrictions, and his right to receive services from NGE volunteers.  ECF No. 46.  The court denied summary judgment with respect to Incumaa's claim that Stirling's refusal to recognize NGE as a religion violates his rights under the First Amendment and RLUIPA.  Id.  On August 6, 2020, Incumaa filed a motion for a preliminary injunction and temporary restraining order with respect to that claim, arguing that he is entitled to immediate injunctive relief in the form of an

order directing Stirling to recognize NGE as a religion. ECF No. 52. On August 20, 2020, Stirling responded to the motion, ECF No. 53, and on September 3, 2020, Incumaa replied, ECF No. 54. On April 15, 2021, an attorney seasoned and skilled in civil rights litigation entered an appearance on Incumaa's behalf. ECF No. 58. Nevertheless, because Incumaa litigated this motion in substantial part without the benefit of counsel, the court construes it as a pro se motion. This motion is ripe for the court's review.

## II.  STANDARD

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." United States v. South Carolina, 840 F. Supp. 2d 898, 914 (D.S.C. 2011) (quoting Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). As the Supreme Court has noted, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear

failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

### III.  DISCUSSION

In his motion, Incumaa asks the court for an order "directing [] Stirling to recognize [NGE] as a religion," and "requiring [] Stirling to accommodate the practice of [Incumaa's] religion [] within the SCDC general population." ECF No. 52-2 at 8. Naturally, Stirling opposes the injunction, arguing that Incumaa "has failed to make a sufficient showing that he is entitled to such relief and because countervailing considerations weigh in favor of denial." ECF No. 53 at 3. Before determining whether Incumaa has met his burden to demonstrate that injunctive relief is warranted, the court must determine the nature of that burden.

The Fourth Circuit recognizes two categories of preliminary injunctions. "Prohibitory preliminary injunctions aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending." Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013). "Mandatory preliminary injunctions," on the other hand, "do not preserve the status quo" and instead compel action that would disturb it. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). The Fourth Circuit defines the status quo as the "last uncontested status between the parties which preceded the controversy." Pashby, 709 F.3d at 320 (quoting Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 378 (4th Cir. 2012)). Incumaa's proposed injunction clearly requests mandatory relief. The SCDC has long categorized NGE as a "Security Threat Group" ("STG") and has never recognized NGE as a religion nor accommodated its worship. ECF No. 29-2, Long Aff. This lawsuit, which Incumaa filed in 2017, seeks to compel SCDC to recognize NGE as a

legitimate religion and accommodate inmates that practice it.  Putting the merits of Incumaa's challenge aside for the moment, it is clear that his motion seeks to disturb the status quo, not preserve it, meaning that the proposed preliminary injunction is mandatory.

Mandatory preliminary injunctions "should be granted only in those circumstances when the exigencies of the situation demand such relief," Wetzel, 635 F.2d at 286, that is, where court intervention is "necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind," In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003).[2]  At bottom, "[m]andatory preliminary injunctive relief in any circumstance is disfavored[ ] and warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994).  Where a plaintiff seeks injunctive relief that would disturb the status quo of a state-run prison, principles of federalism present an additional obstacle.  See id. at 268 ("[A]bsent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities.").  That obstacle is particularly difficult to overcome when the injunctive relief sought is mandatory.  Id. at 269–70 ("[S]weeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts.  This is

---

[2] This standard applies with equal force to Incumaa's proposed temporary restraining order.  U.S. Dep't of Lab. v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) ("A preliminary injunction . . . is distinguished from a TRO . . . only by its duration.").

true where conditions at the prison have been adjudged unconstitutional following trial on the merits. It is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made.").

Given Incumaa's considerable burden, the court has little difficulty concluding that mandatory injunctive relief is not warranted here. The proposed mandatory injunction seeks to change SCDC official policy that has been in place for years. As such, there is no "deteriorating circumstance created by the defendant," and court intervention is not required "to preserve the court's ability to enter ultimate relief on the merits." In re Microsoft, 333 F.3d at 526. Moreover, the sought injunction would impose a federally compelled change upon state prison administrators. Such an action is rarely appropriate generally and almost never appropriate prior to the court's adjudication of the challenged practice as unconstitutional. Clearly, here, the court has not resolved Incumaa's claim on its merits. And further, as the R&R discussed in detail, the constitutionality of the challenged SCDC practice implicates significant disputes of material fact. See ECF No. 39 at 20–21, 31–32. As such, the law requires that the court resolve those disputes before granting mandatory injunctive relief. Taylor, 34 F.3d at 270 ("[S]weeping intervention in the management of state prisons is rarely appropriate[, ] especially [ ] where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made."). Finally, as a practical matter, the Prison Litigation Reform Act significantly limits the preliminary injunctive relief available to a plaintiff who challenges conditions of confinement. Even

if an injunction issued, its effect would expire after 90 days. 18 U.S.C. § 3626(a)(2). As such, the court must deny Incumaa's request for preliminary injunctive relief.

The court acknowledges that Incumaa's claim is not without merit. As Incumaa notes, the Eastern District of Virginia recently granted an inmate relief in a similar lawsuit, finding that the Virginia Department of Corrections ("VDOC") violated the inmate's rights under the First Amendment and RLUIPA in refusing to recognize NGE as a religion. Coward, 276 F. Supp. 3d at 575 ("For the reasons stated above, the Court finds that the VDOC has violated plaintiff's rights under RLUIPA and the First Amendment by designating the NGE an STG, thereby enforcing a zero tolerance policy that prohibits plaintiff from possessing his sacred texts and associating with other NGE adherents, and refusing to recognize the NGE as a religion."). As such, the court ordered VDOC to remove NGE's designation as an STG and recognize it as an accommodable religion. Id. To be sure, the Eastern District of Virginia's holding in Coward gives credence to the merits of Incumaa's claim. But Coward offers Incumaa little support in terms of justifying the requested injunctive relief here. The district court in Coward granted the plaintiff prospective, permanent injunctive relief after overseeing years of discovery, resolving several motions for summary judgment, holding a bench trial, and making several dozen findings of fact. Id. at 550–564. In other words, injunctive relief was warranted there only after full resolution of the plaintiff's claims on their merits. Incumaa here, conversely, requests preliminary injunctive relief prior to merits resolution of his claim. The law is clear that, "absent the most extraordinary circumstances," the court may not grant preliminary injunctive relief that would effect a change to state

prison management.  Taylor, 34 F.3d at 268.   The circumstances here are not so exceedingly extraordinary.

Incumaa may very well be entitled to the relief he seeks, but he is not entitled to it here and now, prior to the court's resolution of his claim on the merits.  Until that time, the court is without grounds to issue mandatory injunctive relief that would alter the status quo in state prison.  See Torres v. Davis, 2019 WL 1332378, at *5 (W.D.N.C. Mar. 25, 2019) (denying preliminary mandatory injunctive relief that would compel prison officials to act); Plummer v. Riley, 2013 WL 4459839, at *4 (D.S.C. Aug. 16, 2013) (same); Collins v. Padula, 2013 WL 4436468, at *3 (D.S.C. Aug. 15, 2013) (same); Green v. Byars, 2012 WL 3069327, at *3 (D.S.C. June 22, 2012) (same).  The court therefore denies Incumaa's motion.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 4, 2021**
**Charleston, South Carolina**